THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BARNET SHAPIRO, Appellant.

First Department, June 19, 1942.

*Harry W. Goldberg* of counsel [*Paul L. Goldman* with him on the brief; *Haskell & Goldberg*, attorneys], for the appellant.

*George Tilzer* of counsel [*Herman J. Fliederblum* with him on the brief; *Samuel J. Foley, District Attorney*, attorney], for the ·respondent.

COHN, J. Appellant has been convicted of unlawfully keeping a slot machine in violation of section 982 of the Penal Law. The statute, so far as pertinent, provides:

" 1. It is unlawful. (a) [for any person to] store, keep, possess, * * * in any room, space or building * * * under his management or control, any slot machine * * *;

" (b) to make * * * with any person any agreement with reference to any slot machine * * *, pursuant to which the

user thereof, as a result of any element of chance * * *, may become entitled to receive any money * * *.

" 2. Any machine * * * is a slot machine * * * within the provisions of this section if it is one that is adapted * * * for use in such a way that, as a result of the insertion of any piece of money or coin * * * such machine * * * is caused to operate or may be operated, and by reason of any element of chance * * * the user may receive or become entitled to receive any piece of money * * * or thing of value * * *."

The conviction is based solely on the testimony of the arresting officer, who stated that while he was playing a pin-ball machine in a candy store owned by another, appellant walked into the store and approached the machine with some keys on a chain. The appellant then walked out of the store and was followed by the officer. What occurred thereafter is found in the following testimony of the police officer:

" I asked him what he was doing with the keys. He stated that he was a mechanic. I said, ' What did you call here for? ' He stated, ' I came here to make an adjustment on the machine.'

" I brought him back into the store and I took a key off his chain and I found the key fitted the machine. I opened the machine and I found it contained $11.95 in nickels and two pieces of paper containing records of amounts taken in by the machine and amounts paid off in hits."

The police officer further testified that the appellant stated that his business was " to come and service this machine."

Appellant did not touch the machine nor did he commit any act which might be construed as proof that he stored, kept or possessed the machine or that he had made any agreement with reference to it whereby the user thereof might be entitled to receive any money.

Even if the evidence in the record were sufficient to justify a conclusion that appellant had serviced the machine, such proof alone would not sustain the conviction. There is nothing in the statute which makes it a crime to make repairs to a slot machine, nor is it an offense to be found in possession of a key which fits such a machine. Possession of the type of slot machine prohibited constitutes the crime. The proprietor of the store pleaded guilty to this charge. As to the appellant, however, the record is devoid of any showing that he aided and abetted in the commission of that offense.

The judgment of conviction should be reversed, the complaint dismissed and the fine remitted.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed, the complaint dismissed and the fine remitted.